LOVE, J.,
concurs and assigns reasons.
hi respectfully concur in the results reached by the majority. I write separately to address the trial court’s factual findings. The trial court found that Mr. Madrid:
suffered injuries to his back (a fracture at T8 and aggravation of a previous lower back condition), his shoulder, and his knee. His knee injury required one surgery that was attributable to the instant accident. The back injuries were inoperable, and Dr. Shackleton testified that Mr. Madrid will likely suffer some degree of pain/disability for the rest of his life. Plaintiff had a five-day hospital stay, was required to wear a back brace for several months, was on crutches following the knee surgery, and has suffered varying degrees of pain from the time of the accident to the present.
Mr. Madrid testified that he is now unable to participate in all of the activities he did before the accident. For instance, he played organized soccer on a club team before the accident. His injuries now keep him from playing organized soccer. His athletic activity-is now limited to teaching his young son to play soccer. His inability to play soccer has caused him frustration. Plaintiff testified that when he drives a car for more than one hour his knee becomes numb. While physical exertion at work does not usually result in immediate pain, Mr. Madrid testified that he experiences pain in his lower back and knee afterwards.
Mr. Madrid further testified that his shoulder continues to occasionally pop out of its socket, and Dr. Shackleton has told him that the only treatment available for that is a cortisone injection for pain. Mr. Madrid has opted not to take cortisone injections because he is afraid this would mask his pain and cause him to do more injury to the shoulder.
^Following these findings, the trial court awarded $75,000.00 for past pain and suffering, mental anguish, and loss of enjoyment of life, as well as $25,000.00 for future pain and suffering, mental anguish, and loss of enjoyment of life.
In essence, the trial court found that a twenty-nine year old male suffered a back fracture, underwent a knee surgery, and wore a back brace for “several” months as a result of his fall. In addition, Mr. Madrid was determined to have four percent total body disability for the remainder of his life. After sustaining these injuries, Mr. Madrid can no longer participate in organized soccer, his knee becomes numb *903 from operating an automobile, and working causes lower back and knee pain, whilst his shoulder continues to pop out of socket.
“An appellate court may disturb a damages award only after an articulated analysis of the facts reveals an abuse of discretion.” Bouquet v. Wal-Mart Stores, Inc., 08-0309, p. 5 (La.4/4/08), 979 So.2d 456, 459. “Only if a review of the facts reveals an abuse of discretion, is it appropriate for the appellate court to resort to a review of prior similar awards.” Id. After reviewing the trial court’s factual findings regarding the extent of Mr. Madrid’s injuries, I find that the general damage award of $100,000.00 was disproportionate to past similar awards. Thus, I find that the trial court abused its discretion for a plaintiff who suffered lifelong and life-altering injuries. Accordingly, I concur in the results reached by the majority.